United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LINDSTROM and CHRISTINE STEEL, individually and as Personal Representatives of THE ESTATE OF MARY FRANCES LEE, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>WHIRLPOOL CORPORATION, CIRCUIT CITY STORES WEST COAST, INC., and DOES 1 through 30, inclusive,<br><br>Defendants. | No. C-05-3325 MMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>(Docket No. 9) |

Before the Court is the motion to remand filed September 13, 2005 by plaintiffs Richard Lindstrom ("Lindstrom") and Christine Steel ("Steel"). Defendants Whirlpool Corporation ("Whirlpool") and Circuit City Stores West Coast, Inc. ("CCWC") have filed opposition to the motion, to which plaintiffs have filed a reply. In an order filed October 31, 2005, the Court vacated the November 4, 2005 hearing on the motion and permitted defendants to file a supplemental memorandum addressing plaintiffs' new argument, set forth in their reply, that CCWC is not fraudulently joined because it is liable on an "independent duty to warn" theory. Defendants have filed a supplemental memorandum. Having considered the papers filed in support of and in opposition to the motion, and for the

reasons set forth below, the motion to remand is GRANTED.

## BACKGROUND

On July 6, 2005, in the Superior Court of California for the County of Contra Costa, plaintiffs filed the instant wrongful death/products liability action against defendants Whirlpool and CCWC. Plaintiffs allege that on March 6, 1993, Mary Frances Lee ("Lee") bought a defective Whirlpool dishwasher from Circuit City Store 235 in Concord, California. (See Compl. ¶ 10; see also Lindstrom Decl. Ex. 1.) Plaintiffs further allege that on July 12, 2004, while Lee was using the dishwasher in accordance with its intended use, the dishwasher caught fire, causing injuries that resulted in Lee's death. (See Compl. ¶¶ 15-20.) Plaintiffs thereafter brought suit against Whirlpool, as the manufacturer of the dishwasher, and CCWC, as the distributor of the dishwasher. (See Compl. ¶¶ 1-2.) On August 15, 2005, defendants removed the complaint to federal court on the basis of diversity jurisdiction. (See Notice of Removal ¶¶ 1-2.)

The complaint alleges that, at all relevant times, plaintiff Lindstrom and decedent Lee were citizens of California and that plaintiff Steel was a citizen of Oregon. (See Compl. ¶ 3; Notice of Removal ¶ 4.) Whirlpool is a Delaware corporation having its principal place of business in Michigan. (See Notice of Removal ¶ 2.) CCWC is a California corporation having its principal place of business in California. (See id. ¶ 3.) Although for purposes of the instant motion, defendants concede that Lindstrom, Lee, and CCWC are California citizens, defendants contend CCWC is fraudulently joined and, therefore, its citizenship should be disregarded for purposes of establishing diversity jurisdiction. (See id. ¶¶ 3-4.)

## LEGAL STANDARD

Where, as here, removal is based on diversity jurisdiction, the action may be removed "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." See 28 U.S.C. § 1441(b). Generally, diversity jurisdiction exists only where there is "complete diversity" among plaintiffs and defendants, i.e., where the "citizenship of each plaintiff is diverse from the citizenship of each defendant." See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 n.3.

1  One exception to the requirement of complete diversity, however, "is where a non-diverse defendant has been 'fraudulently joined.'" See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Id. (quoting McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)).

Once an action has been removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." See 28 U.S.C. § 1447(c). In considering the propriety of removal, a district court must "strictly construe the removal statute against removal jurisdiction," and jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of proving that removal is proper." See id.

**DISCUSSION**

The parties' disagreement with respect to jurisdiction centers around CCWC's status as a successor corporation.

It is undisputed that CCWC did not exist until February 1, 1994, (see Bennett Decl. Exs. 3, 5; see also Dunn Decl. ¶ 11), almost a year after Lee purchased the allegedly defective dishwasher on March 6, 1993, (see Lindstrom Decl. Ex. 1), and that, at the time of the subject purchase, Store 235 was owned and operated by Circuit City Stores, Inc. ("CCS"), (see Dunn Decl. ¶ 9.) It also is undisputed that on February 1, 1994, CCS formed CCWC as a wholly owned subsidiary for the purpose of managing and operating CCS's West Coast Retail Operations, and that on May 1, 1994, CCS purchased all shares of CCWC and transferred all assets associated with CCS's West Coast Retail Operations, including Store 235, to CCWC as consideration for the transaction. (See id. at ¶¶ 11-14.)

Relying on Gee v. Tenneco, Inc., 615 F.2d 857 (9th Cir. 1980), plaintiffs argue that

3

CCWC acquired an independent duty to warn customers, including Lee, because it had actual or constructive knowledge of defects in products sold by its predecessor, CCS.[1] In Gee, the Ninth Circuit, after remarking on the absence of California law on the issue of "a successor corporation's duty to warn of defects in products manufactured by a predecessor," found it appropriate to "examine precedents elsewhere in order to determine whether the district judge accurately approximated California law." See id. at 866. Citing case law from other jurisdictions, the Ninth Circuit noted that "a successor corporation may acquire an independent duty to warn where defects in a predecessor's products come to its attention," particularly where there has been a "continuation of the relationship between the successor and the customers of the successor." See id.[2]

Defendants, for their part, rely on Burroughs v. Precision Airmotive Corp., 78 Cal. App. 4th 681 (2000), wherein the California Court of Appeal, in affirming summary judgment in favor of a successor corporation, observed that "California has not expressly adopted this independent duty to warn theory of liability." See id. at 695. The court acknowledged that "other jurisdictions, as well as the Restatement of Law have recognized it," see id., but went on to state that "even if [the court] were inclined to do so," adoption of such a theory was "not warranted in the circumstances of [that] case," see id. at 698. In particular, given the industry at issue therein, aircraft parts manufacture, the duties and obligations of the defendant "were imposed on it by federal law." See id. Consequently, the Court of Appeal reasoned, "[i]mposing a separate and independent duty based on general principles of tort law would not only be superfluous in light of the federal statutory scheme regulating and overseeing the duties of manufacturers in the general aviation

---

[1] Although plaintiffs and defendants devote considerable time to discussing whether, pursuant to Ray v. Alad Corp., 19 Cal.3d 22 (1977), CCWC can be held directly liable as a corporate successor to CCS, the Court need not reach that issue because, as discussed infra, plaintiff's contention that CCWC may be liable on an independent duty to warn theory requires that the action be remanded.

[2] Recognizing that "succession alone does not impose a duty to warn," the Ninth Circuit went on to conclude that Gee had failed to present evidence sufficient to withstand summary judgment. See id.

4

industry, but would also directly conflict with that statutory scheme." See id. As the instant case does not arise in the context of the aviation industry, Burroughs is distinguishable on its facts. Further, because the Court of Appeal in Burroughs was not called upon to reach what is, for California, a matter of first impression, Burroughs does not foreclose plaintiffs' reliance on an independent duty to warn theory herein.

In sum, because, to date, no California case has adopted an independent duty to warn theory as a basis for liability, and no California case has rejected it, whether California recognizes a claim based on an independent duty to warn under the circumstances presented in the instant case is unclear.[3] As a consequence, the Court cannot say it is "obvious according to the settled rules of the state" that plaintiffs have failed to plead a claim against CCWC. See Morris, 236 F.3d at 1067. Further, because a district court must "strictly construe the removal statute against removal jurisdiction," and jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance," see Gaus, 980 F.2d at 566, the Court finds defendants have failed to meet their burden of demonstrating that CCWC is fraudulently joined. Consequently, the Court finds that complete diversity was lacking at the time of removal and, accordingly, the matter must be remanded.

Finally, plaintiffs move for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). While recognizing a plaintiff need not demonstrate bad faith on the part of a removing defendant, the Court finds an award of fees and costs is not warranted here. See Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 446 (9th Cir. 1992) ("The [award of attorneys' fees under § 1447(c)] is left to the court's discretion, to be exercised based on the nature of the removal and the nature of the remand.").

//

**CONCLUSION**

---

[3] Defendants argue that even if an independent duty to warn theory were adopted, plaintiffs are unable to make the requisite factual showing. Because such theory has been neither adopted nor rejected by the California courts, however, the parameters of liability thereunder have yet to be established in this state.

1       For the reasons set forth above, plaintiffs' motion to remand is hereby GRANTED, plaintiffs' motion for attorneys' fees and costs is hereby DENIED, and the instant action is hereby REMANDED to the California Superior Court for the County of Contra Costa.

      The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 15, 2005

                                MAXINE M. CHESNEY
                                United States District Judge